Serra Salazar v. Blanche

BIA
Conroy, IJ
A045 059 873

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand twenty-six.

PRESENT:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge.*[*]

---

JOSE FRANCISCO SERRA SALAZAR,

*Petitioner*,

v.                                             25-1614

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

*Respondent.*[†]

---

FOR PETITIONER:          Jordan Manalastas, Elyssa Williams, The Legal Aid Society, New York, NY.

FOR RESPONDENT:          Brett A. Shumate, Assistant Attorney General; Lindsay B. Glauner, Assistant Director; Margot L. Carter, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC.

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner Jose Francisco Serra Salazar, a native and citizen of the Dominican Republic, seeks review of a June 26, 2025 decision of the BIA affirming a January 7, 2025 decision of an Immigration Judge ("IJ") ordering his removal for a crime involving moral turpitude ("CIMT") and finding him ineligible for a waiver of inadmissibility and cancellation of removal. *In re Jose Francisco Serra Salazar*, No. A045 059 873 (B.I.A. June 26, 2025), *aff'g* No. A A045 059 873 (Immigr. Ct. N.Y.C. Jan. 7, 2025). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA. *See Castellanos-Ventura v. Garland*, 118 F.4th 250, 253 (2d Cir. 2024). We review de novo whether Serra Salazar's 2003 conviction under Conn. Gen. Stat. ("C.G.S.") § 21a-277(a) is a CIMT that rendered him removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) and an aggravated felony that bars a waiver of inadmissibility and cancellation of removal under 8 U.S.C. §§ 1182(h), 1229b(a)(3). *See Chery v. Garland*, 16 F.4th 980, 983 (2d Cir. 2021); *Mota v. Barr*, 971 F.3d 96, 99 (2d Cir. 2020).

## I.      Removability

"[A]ny alien convicted of . . . acts which constitute the essential elements of . . . a crime involving moral turpitude . . . is inadmissible."  8 U.S.C. § 1182(a)(2)(A)(i)(I). We have adopted the BIA's definition of CIMTs as crimes requiring "two essential elements: reprehensible conduct and a culpable mental state. A crime involves reprehensible conduct if that conduct is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. As to a culpable mental state, crimes committed knowingly or intentionally generally have been found, on the categorical approach, to be CIMTs." *Mota*, 971

2

F.3d at 99 (cleaned up). We apply the categorical approach to determine whether the minimum conduct under the state statute of conviction satisfies the CIMT definition. *Id.* In *Mota*, we held that a conviction under C.G.S. § 21a-277(a)(1)—a subsequent version of Serra Salazar's statute of conviction with language identical to that at issue here—was a CIMT. First, "CGS § 21a-277(a)(1) includes the required mens rea element" because it "requires that a defendant have the 'intent to sell or dispense' or the intent to 'offer, give or administer to another person' a narcotic substance." *Id.* at 100 (quoting C.G.S. § 21a-277(a)(1)). Second, "violations of CGS § 21a-277(a)(1) invariably involve vile, reprehensible conduct" because "evil intent is inherent in the illegal distribution of drugs." *Id.* (cleaned up).

Serra Salazar argues that *Mota* is not binding and that his state offense cannot be a CIMT because the minimum conduct prohibited by the state statute involves the sale of a drug that is not on the federal drug schedules. He contends that such conduct is not per se reprehensible because it is not prohibited by federal law. We disagree. A CIMT is not defined by reference to a specific federal law; it requires only intent and reprehensible conduct. *See Matter of J.M. Acosta*, 27 I. & N. Dec. 420, 423 (B.I.A. 2018) ("It is not necessary to compare a Federal statute to the respondent's statute of conviction because the Federal controlled substances schedules and statutes are not controlling for purposes of determining whether a crime involves moral turpitude."); *Daye v. U.S. Att'y Gen.*, 38 F.4th 1355, 1363-64 (11th Cir. 2022) (concluding that Virginia's drug distribution statute was a CIMT even though it covered different drugs than federal law). Serra Salazar was thus removable because under *Mota*, he was convicted of a CIMT.

## II. Aggravated Felony Bar

After concluding that Serra Salazar was removable because he was convicted of a CIMT, the agency concluded that he was ineligible for a waiver of inadmissibility and cancellation of removal because he was convicted of an aggravated felony. *See* 8 U.S.C. §§ 1182(h),

3

1229b(a)(3). As relevant here, federal law defines an aggravated felony as including "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." *Id.* § 1101(a)(43)(B). We apply the categorical approach to determine whether "a conviction of the state offense necessarily involved facts equating to the generic federal offense," including whether all the substances on the relevant state drug schedules are criminalized under federal law. *Chery*, 16 F.4th at 983-84 (cleaned up).

In *Gousse v. Ashcroft*, 339 F.3d 91, 100 (2d Cir. 2003), and *Chery v. Garland*, 16 F.4th at 986, we held that convictions under C.G.S. § 21a-277(a) were aggravated felonies because the petitioners in those cases had failed to identify a discrepancy between Connecticut and federal law under the categorical approach. More recently, however, we held in *United States v. Minter*, 80 F.4th 406 (2d Cir. 2023), that a New York law materially similar to C.G.S. § 21a-277(a) was not a categorical match for federal drug trafficking laws. *Id.* at 410-11. We explained that New York criminalized narcotics not on the federal schedules because it prohibited the distribution of all isomers (*i.e.*, structural variations) of cocaine, while the federal schedules covered only two types of isomers. *Id.* at 410 (comparing New York's definition of cocaine as "including . . . isomers," with federal law's prohibition of only "optical or geometric isomer[s]" of cocaine (cleaned up)). The Connecticut statute is similar to New York's in this respect, as it defines "narcotics" to include "*any* salt, compound, [or] *isomer* . . . which is chemically equivalent or identical to" prohibited opium or cocaine derivatives. C.G.S. § 21a-240(30) (version in effect until June 30, 2009) (emphasis added). The agency did not consider whether Connecticut's drug schedule was broader than the federal schedule at the time of Serra Salazar's conviction in light of *Minter*, so we grant the petition and remand for the agency to conduct that analysis.

Furthermore, nothing precludes the agency from considering Serra Salazar's currently unexhausted argument that at the time of his conviction, Connecticut's drug schedule included

4

analogs of fentanyl—thenylfentanyl and benzylfentanyl—that were not on the federal schedules. *See Hnatyuk v. Whitaker*, 757 F. App'x 10, 11 (2d Cir. 2018) (concluding that a conviction under C.G.S. § 21a-279(a) was not categorically a controlled substance offense because thenylfentanyl and benzylfentanyl were on the Connecticut schedules at the time of petitioner's conviction, but not the federal schedules).

For the foregoing reasons, the petition for review is DENIED in part as to Serra Salazar's removability and GRANTED in part and REMANDED for further consideration of his eligibility for relief from removal.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
